UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-MJ-2177-JEM |
| | ) | |
| HUNTER B. CANTRELL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO DISMISS COMPLAINT**

This criminal action is before the Court on the United States's Motion to Dismiss [Doc. 13]. Under Rule 48(a) of the Federal Rules of Criminal Procedure, the Governments seeks to dismiss the Criminal Complaint against Defendant Hunter B. Cantrell following his entry of a guilty plea to the offenses of reckless driving and driving on a suspended driver's license [*Id.*]. The Government submits that dismissal "serves the ends of justice" [*Id.*]. Defendant does not object to the relief sought by the Government, and he asks the Court to grant the motion and dismiss the Criminal Complaint [Doc. 14].

Rule 48(a) of the Federal Rules of Criminal Procedure allows the United States to "dismiss an indictment, information, or complaint" "with leave of Court." Fed. R. Crim. P. 48(a). The decision "to maintain a prosecution is exclusively within the discretion of the executive branch of government." *United States v. Valle*, 697 F.2d 152, 154 (6th Cir. 1983) (citations omitted). "The fundamental principle of separation of powers requires that the executive branch alone, not the judiciary, wield the authority to dismiss prosecutions for reasons other than legal insufficiency or an abuse of the prosecutorial function." *Id.* (citations omitted). "The primary purpose of Rule 48(a) is the 'protection of the defendant's rights . . . "to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy."'" *United States v. Stapleton*,

297 F. App'x 413, 431 (6th Cir. 2008) (citation omitted). "Under Rule 48(a), courts must grant prosecutors leave to dismiss charges unless dismissal is 'clearly contrary to manifest public interest.'" *Id.* (citations omitted).

On November 12, 2025, before the undersigned, Defendant pleaded guilty to the offenses of reckless driving and driving on a suspended driver's license, and on December 9, 2025, the Court imposed a sentence [Case No. 3:25-po-042-1]. The United States no longer desires to pursue the alleged offenses outlined in the Criminal Complaint and Defendant does not oppose the United States's request to dismiss the Complaint. There is also no evidence of prosecutorial harassment and no indication that dismissal is contrary to the public interest. *Stapleton*, 297 F. App'x at 431.

The Court therefore **GRANTS** the United States's Motion to Dismiss [Doc. 13] and **DISMISSES** the pending Criminal Complaint [Doc. 1].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge